UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-1892(DSD/SRN)

Benedict F. Frank, Sr., on
behalf of himself and similarly
situated consumers,

       Plaintiff,

v.                                                    **ORDER**

General Electric Capital
Corp. d/b/a GE Money Bank
a/k/a GEMB a/k/a GE
Consumer Finance,

       Defendant.

    Thomas J. Lyons, Jr., Esq., Trista M. Roy, Esq. and
    Consumer Justice Center, P.A., 367 Commerce Court,
    Vadnais Heights, MN 55127, counsel for plaintiff.

    Andrew M. Luger, Esq., John W. Ursu, Esq. and Greene
    Espel, PLLP, 200 South Sixth Street, Minneapolis, MN
    55402, counsel for defendant.

This matter is before the court on defendant GE Money Bank's[1] ("GE") motion to dismiss on the basis of res judicata or, alternatively, for failure to state a claim. After a review of the file, record and proceedings herein, and for the following reasons, the court grants GE's motion.

---

[1] GE states that the docket incorrectly names it as "General Electric Capital Corp., a/k/a GEMB, a/k/a GE Consumer Finance, d/b/a GE Money Bank," and that its proper name is "GE Money Bank." (Def.'s Mot. Dismiss [Doc. No. 13].) GE, however, has not moved to amend or correct the docket.

**BACKGROUND**

In this putative class action, plaintiff Benedict F. Frank, Sr. ("Frank"), alleges on behalf of himself and similarly situated consumers that GE violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. In 2006, Frank's son, Benedict Francis Frank, Jr., used Frank's personal identifying information to apply for and receive credit from GE and other financial institutions. (See Ursu Aff. Ex. B ¶¶ 11-12.) Thereafter, a delinquent balance of $5,300 on a GE credit account appeared on Frank's credit report. (Id. ¶ 18.) From August 2007 to January 2008, Frank sent letters disputing the GE balance to various credit-reporting agencies ("CRAs"). (Id. ¶¶ 16, 29, 44, 86.) The CRAs notified GE of Frank's dispute, but GE did not instruct the CRAs to note the GE debt as "disputed" on Frank's credit report. (See Am. Compl. ¶ 15.)

On March 18, 2008, Frank filed a complaint alleging violations of the FCRA against GE and others.[2] (Ursu Aff. Ex. B.) Specifically, Frank alleged that GE had unlawfully communicated false consumer information and had failed to conduct a reasonable investigation of his dispute. (Id. ¶¶ 110-12.) On January 5, 2009, GE served an offer of judgment on Frank pursuant to Federal Rule of Civil Procedure 68. (Id. Ex. D.) Frank accepted the offer

---

[2] Frank v. Bank of Am. NA, No. 08-cv-776 (DSD/JJG) (D. Minn. 2008).

on January 14, 2009, and filed a notice of acceptance on February 20, 2009. (Id. Ex. E.) On April 6, 2009, the court dismissed Frank's complaint against GE "with prejudice and on the merits." (Id. Ex. F.)

Meanwhile, on January 6, 2009, Frank requested a copy of his credit report from CRA Experian. The report continued to note the GE credit account debt of $5,300. (Am. Compl. ¶ 16.) Frank's counsel disputed the debt with Experian by email on January 14, 2009. (Id. ¶¶ 18-19, Ex. 1.) In turn, Experian notified GE of the dispute. (Id. ¶ 20.) GE, however, declined to direct Experian to delete the account from Frank's credit report or note the debt as "disputed." (Id. ¶ 21.)

Frank filed this action on July 17, 2009,[3] alleging that GE violated the FCRA by failing to conduct a reasonable investigation of his January 14, 2009, dispute and failing to denote the GE debt as "disputed." (Id. ¶¶ 35-36.) The court now considers GE's October 21, 2009, motion to dismiss.

## DISCUSSION

**I. Rule 12(b)(6) Standard**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as

---

[3] Frank amended his complaint on October 7, 2009. (Doc. No. 11.)

true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (quotations and citation omitted).

**II. Res Judicata**

GE argues that the final judgment on Frank's March 2008 suit precludes him from litigating his July 2009 claim. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (citation and quotation omitted). To establish that res judicata bars Frank's claim, GE must show that: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits

4

involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Id. (citation and quotation omitted). While Frank concedes that the first suit was based on proper jurisdiction, he does not agree that the first suit resulted in a judgment on the merits or that both suits involve the same parties. The record, however, indicates that both Frank and GE were parties to the March 2008 suit and that the court dismissed the action "with prejudice and on the merits." (Ursu Aff. Exs. B, F.) Accordingly, the first three elements of the res judicata analysis are satisfied.

To determine whether both suits are based on the same claims, the court applies the transactional test set forth in the Restatement (Second) of Judgments, which provides that:

> [w]hen a valid and final judgment ... extinguishes the plaintiff's claim ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> What factual grouping constitutes a "transaction" and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations, business understanding or usage.

Restatement (Second) of Judgments § 24(1)-(2) (1982); see Banks v. Int'l Union Electronic, Elec., Technical, Salaried & Mach. Workers,

390 F.3d 1049, 1052 (8th Cir. 2004) (applying transactional test). Otherwise stated, "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." Banks, 390 F.3d at 1052 (citation and quotation omitted).

GE argues that both suits are based on the same claims because they involve the same GE credit account, invoke Frank's August 2007 to January 2008 dispute letters, and assert FCRA violations for failure to conduct a reasonable investigation and communicating false consumer information. In response, Frank contends that the July 2009 claim asserts new facts, citing the January 14, 2009, email. However, like the dispute letters that formed the basis of Frank's March 2008 claim, the January 14, 2009, email contested Frank's ownership of the GE credit account and sought the removal of the $5,300 debt from his credit report. Moreover, Frank alleges that GE's responses to his August 2007 to January 2008 dispute letters and January 14, 2009, email demonstrate a "pattern of behavior or systemic problem with [GE's] investigation of and reporting of disputes." (Pl.'s Mem. Opp'n 8 n.3.) The facts underlying both claims, therefore, are "related in time, space, origin, [and] motivation." Restatement (Second) of Judgments § 24(2).

Frank also argues that the July 2009 action states a new cause of action: that GE violated the FCRA by failing to update its account as "disputed" on Frank's credit report. The amended

6

complaint, however, notes eight occasions between August 2007 and January 2008 when GE allegedly failed to denote its account as disputed. (Am. Compl. ¶ 15.) Yet, during the year that Frank litigated his first suit, he never asserted a cause of action based on these facts. Therefore, Frank had a full and fair opportunity to raise this issue, and res judicata bars him from asserting it now. See Yankton, 533 F.3d at 639 (parties cannot relitigate issue that could have been raised in prior action); Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (party against whom res judicata is asserted must have had full and fair opportunity to litigate matter given preclusive effect).

In summary, the court determines that the March 2008 and July 2009 suits are based upon the same claims, and that Frank previously had a full and fair opportunity to litigate the issues now before the court. Accordingly, because the elements of res judicata are met, Frank cannot proceed with the instant suit.

## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. No. 13] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court